UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MICHAEL CORSI,

Plaintiff,

-against-

ANTHONY GESTONE, SAHIBJEET BUTTAR, ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR,

Defendants.
--------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Plaintiff Demands a Trial by Jury**

Plaintiff, MICHAEL CORSI, by and through his attorneys, THE RUSSELL FRIEDMAN LAW GROUP, LLP, complaining of Defendants, ANTHONY GESTONE, SAHIBJEET BUTTAR, ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR, alleges as follows:

## NATURE OF ACTION

1. This is an action to recover damages by Plaintiff, MICHAEL CORSI, against Defendants, ANTHONY GESTONE, SAHIBJEET BUTTAR, ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR (collectively, "Defendants"), for physical, mental, and financial injuries suffered as a result of assault and battery of Plaintiff by Defendants.

## JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) since Defendants reside in the County of Nassau and all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau.

## THE PARTIES

4. That, at all times hereinafter mentioned, Plaintiff, MICHAEL CORSI (hereinafter, "Corsi" or "Plaintiff"), has and still resides in the County of Nassau, State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendant, ANTHONY GESTONE (hereinafter, "Gestone"), has and still resides in the County of Nassau, State of New York.

6. Upon information and belief, at all times hereinafter mentioned, Defendant, SAHIBJEET BUTTAR (hereinafter, "Buttar"), has and still resides in the County of Nassau, State of New York.

7. Upon information and belief, at all times hereinafter mentioned, Defendant, ANTHONY GESTONE SR. is a parent and/or guardian of Defendant ANTHONY GESTONE, and resides in the County of Schoharie, State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant, ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, is a parent and/or guardian of Defendant ANTHONY GESTONE, and resides in the County of Nassau, State of New York.

9. Upon information and belief, at all times hereinafter mentioned, Defendant, GURMEET BUTTAR, is a parent and/or guardian of Defendant SAHIBJEET BUTTAR, and resides in the County of Nassau, State of New York.

10. Upon information and belief, at all times hereinafter mentioned, Defendant, GURCHARN BUTTAR a.k.a. GURCHARN KAUR, is a parent and/or guardian of Defendant SAHIBJEET BUTTAR, and resides in the County of Nassau, State of New York.

## FACTUAL BACKGROUND

11. Plaintiff is an individual who identifies himself as a homosexual.

12. On or about August 11, 2019, Plaintiff was a pedestrian walking home from Massapequa Park Preserve in Farmingdale, New York.

13. Upon information and belief, Defendants Gestone and Buttar were fellow students at the high school Plaintiff attends.

14. Upon information and belief, Defendants Gestone and Buttar were aware of Plaintiff's sexual orientation because they attended the same school as Plaintiff and learned of Plaintiff's sexual orientation.

15. Upon information and belief, Defendants Gestone and Buttar conspired to attack Plaintiff and deprive Plaintiff of equal protections of the laws and/or equal privileges and immunities under the laws solely based on their invidious discriminatory animus towards Plaintiff's sexual orientation.

16. Upon information and belief, Defendants Gestone and Buttar followed Plaintiff as he was heading home from Massapequa Park Preserves, with the intention of acting in furtherance of their conspiracy.

17. While Plaintiff was walking home, Defendants Gestone and Buttar came up from behind Plaintiff and hit him hard on the back of his head.

18. When Plaintiff turned around in shock, Defendants Gestone and Butter punched Plaintiff in his face.

19. Plaintiff, dazed from the two blows to his head, started to run away from the scene, but Defendants Gestone and Buttar soon caught up to him and tackled Plaintiff down to the ground.

20. Plaintiff twisted his left knee when he was tackled by Defendants Gestone and Buttar and was in severe pain.

21. While Plaintiff was on the ground in pain, Defendants Gestone and Buttar pinned him down and searched through Plaintiff's belongings.

22. Defendants Gestone and Buttar stole approximately $40 in cash from Plaintiff's pockets and ran away from the scene.

23. Upon information and belief, when Defendants Gestone and Buttar were later confronted for the attack, they admitted that they attacked Plaintiff solely because of his sexual orientation.

24. Upon information and belief, Defendants Gestone and Buttar conspired to deprive Plaintiff of equal protections of the laws and/or equal privileges and immunities under the laws solely based on their invidious discriminatory animus towards Plaintiff's sexual orientation.

25. Upon information and belief, Defendants Gestone and Buttar acted in furtherance of their conspiracy by attacking Plaintiff and taking his money.

26. Plaintiff was severely injured from the assault and battery from Defendants Gestone and Buttar.

27. Upon information and belief, Defendants Gestone and Buttar's assault and battery on Plaintiff were solely motivated by invidious discriminatory animus towards Plaintiff's sexual orientation.

28. Upon information and belief, on or about August 11, 2019, Defendant Gestone was a minor under the care of Defendants ANTHONY GESTONE, SR. and ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER.

29. Upon information and belief, ANTHONY GESTONE, SR. and ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER had actual and constructive knowledge of Defendant Gestone's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation but failed to supervise and/or restrain Defendant Gestone from conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and also from acting in furtherance of the conspiracy.

30. Upon information and belief, on or about August 11, 2019, Defendant Buttar was a minor under the care of Defendants GURMEET BUTTAR and GURCHARN BUTTAR a.k.a. GURCHARN KAUR.

31. Upon information and belief, GURMEET BUTTAR and GURCHARN BUTTAR a.k.a. GURCHARN KAUR had actual and constructive knowledge of Defendant Buttar's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation but failed to supervise and/or restrain Defendant Buttar from conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and also from acting in furtherance of the conspiracy.

**AS AND FOR A FIRST CAUSE OF ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S. CODE § 1985(3)**

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

33. Defendants conspired to deprive Plaintiff of the equal protection of the laws, to injure Plaintiff's person and property, and to deprive Plaintiff of having and exercising his rights and privileges as a citizen of the United States.

34. Defendants conspired against Plaintiff solely based on Plaintiff's sexual orientation, and the conspiracy was aimed at harming and interfering with Plaintiff's protected rights.

35. Defendants acted in furtherance of the conspiracy and assaulted Plaintiff as he was walking home from Massapequa Park Preserves.

36. As a direct and proximate result of Defendants' conspiracy to deprive Plaintiff of the equal protection of the laws, and/or of equal privileges and immunities under the laws, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR ASSAULT AND BATTERY**

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

38. Upon information and belief, approximately on or about August 11, 2019, Defendants assaulted Plaintiff while Plaintiff was walking home.

39. Plaintiff did not consent to the harmful and/or offensive touching by Defendants.

40. As a result of the aforementioned actions of Defendants, Plaintiff suffered physical and emotional injuries.

41. Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

42. As a direct and proximate result of Defendants' intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR CONVERSION**

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

44. Upon information and belief, approximately on or about August 11, 2019, Defendants assaulted Plaintiff while Plaintiff was walking home.

45. After assaulting Plaintiff and bringing him down to the ground, Defendants pinned Plaintiff down and stole approximately $40 in cash from Plaintiff's pockets.

46. At all relevant times, Plaintiff was the sole rightful owner of the $40 cash that Defendants unlawfully and forcefully stole from Plaintiff.

47. At all relevant times, Plaintiff did not consent to or give permission to Defendants to take the $40 cash from Plaintiff.

48. Defendants, by their wrongful acts, conspired to illegally take, and did illegally take, property which was rightfully owned by Plaintiff and converted such property for their own use and benefit.

49. Defendants' wrongful conversion of Plaintiff's property was motivated by malice and discriminatory animus towards Plaintiff's sexual orientation, and evinces a high degree of moral turpitude and wanton dishonesty.

50. By reasons of the foregoing, Plaintiff has sustained damages in a sum of FORTY DOLLARS ($40.00) plus interest, and punitive damages in a sum to be provided at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR BIAS-RELATED VIOLENCE UNDER NEW YORK CIVIL RIGHTS LAW § 79-N

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

52. The aforementioned actions of Defendants were motivated by bias towards persons of a specific sexual orientation.

53. Defendants intentionally selected Plaintiff for harm and caused physical injury in whole or in substantial part because of their belief or perception regarding Plaintiff's sexual orientation.

54. As a result of the aforementioned actions of Defendants, Plaintiff suffered physical and emotional injuries.

55. Defendants' actions against Plaintiff constitutes bias-related violence under N.Y. Civ. Rights L. § 79-N.

56. As a direct and proximate result of Defendants' intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A FIFTH CAUSE OF ACTION FOR FAILURE TO SUPERVISE AND RESTRAIN AGAINST DEFENDANTS ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR**

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

58. Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR, as parents and/or guardians of Defendants Gestone and Buttar, were

responsible for supervising, controlling, overseeing, and monitoring Defendants Gestone and Buttar.

59. Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR intentionally failed to adequately supervise, control, oversee, and/or monitor Defendants Gestone and Buttar.

60. Upon information and belief, Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR had actual and constructive knowledge of Defendants Gestone and Buttar's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

61. Upon information and belief, Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR were aware that Defendants Gestone and Buttar were conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

62. Upon information and belief, Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR were aware that Defendants Gestone and Buttar will act in furtherance of their conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

63. Upon information and belief, Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and

GURCHARN BUTTAR a.k.a. GURCHARN KAUR failed to adequately restrain Defendants Gestone and Buttar from acting in furtherance of their conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

64. As a proximate result of Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**WHEREFORE,** Plaintiff, MICHAEL CORSI, demands judgment be entered against Defendants as follows:

(a) on the First Cause of Action against Defendants for Conspiracy to Interfere with Civil Rights in the amount of ONE MILLION DOLLARS;

(b) on the Second Cause of Action against Defendants for Assault and Battery in the amount of ONE MILLION DOLLARS;

(c) on the Third Cause of Action against Defendants for Conversion in the amount of FORTY DOLLARS plus interest and punitive damages, in a total sum to be provided at trial;

(d) on the Fourth Cause of Action against Defendants for Bias-Related Violence under New York Civil Rights Law § 79-N in the amount of ONE MILLION DOLLARS;

(e) on the Fifth Cause of Action against Defendants ANTHONY GESTONE SR., ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, and GURCHARN BUTTAR a.k.a. GURCHARN KAUR for Failure to Supervise and Restrain in the amount of ONE MILLION DOLLARS;

(f) costs and disbursements of this action; and

(g) such other a further relief as the Court deems just and proper.

Dated: Garden City, New York
October 6, 2020

**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Michael Corsi*

By: /s/*Charles Horn*
Charles Horn
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696