JMM/dm #20-24872 6/25/2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No. 20cv4799(DRH)(SIL)
MICHAEL CORSI,

                                Plaintiff(s),

    -against-

ANTHONY GESTONE, S.B., an infant, ANGELIQUE
GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET
BUTTAR, individually and on behalf of his infant
child S.B., and GURCHARN BUTTAR a.k.a.
GURCHARN KAUR, individually and on behalf
of her infant child S.B.,

                                Defendant(s).
-------------------------------------------------------------------X

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS GURMEET BUTTAR and
GURCHARN KAUR MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

                                                Respectfully submitted

                                                MONTFORT, HEALY, McGUIRE & SALLEY LLP
                                                Attorneys for Defendant(s) - GURMEET BUTTAR and
                                                GURCHARN KAUR (s/h/a above)
                                                840 Franklin Avenue
                                                P.O. Box 7677
                                                Garden City, New York  11530-7677
                                                (516) 747-4082
                                                jmurphy@mhms-law.com and montfort@mhms-law.com

James Michael Murphy, Esq.
Of Counsel

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………..2
TABLE OF AUTHORITIES ……………………………………………………………3
PRELIMINARY STATEMENT…………………………………………………………4
STANDARD ON MOTION TO DISMISS……………………………………………...5
PLAINTIFF'S 5 CAUSES OF ACTION MUST BE DISMISSED…………………….5
CONCLUSION…………………………………………………………………………...8

## **TABLE OF AUTHORITIES**

CASES                                                                                                                PAGES

*Adolph E. v. Linda M.*,
   170 A.D.2d 1011, 1012, lv. den. 77 N.Y.2d 809……………………………………….7

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678, 129 S. Ct. 1937 [2009]……………………………………………2

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544, 555, 127 S. Ct. 1955, 1959 [2007])…………………………………….5

*Boddie v. Schnieder*,
   105 F.3d 857, 862 (2d. Cir. 1997)…………………………………………………….6

*Brahm v. Hatch*,
   203 A.D.2d 640, 641; *Adolph E. v. Linda M.*, 170 A.D.2d 1011, 1012,
   lv. den. 77 N.Y.2d 809…………………………………………………………………7

*Cannon U.S.A., Inc. v. F&E Trading LLC*,
   2017 WL 4357339, *7 [E.D.N.Y. 2017]………………………………………………5

*Ciambriello v. County of Nassau*,
   292 F.3d 307, 325 (2d. Cir. 2002)…………………………………………………….6

*Gallop v. Cheney*,
   642 F.3d 364, 369 (2d Cir. 2011)……………………………………………………..6

*Hernandez v. Goord*,
   312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004)…………………………………………..6

*Holmes v. Allstate Corp.*, 2012 WL 627238, *22 (S.D.N.Y. 2012),
   Report and Recommendation adopted, 2012 WL 626262
   (S.D.N.Y. 2012) (Swain, J.)……………………………………………………………5

*LaTorre v. Genesee Management*, Inc.,
   90 N.Y.2d 576, 665 N.Y.S.2d 1 (1997)………………………………………………7

*Massapequa Free School District No. 23 v. Regan*,
   63 A.D.2d 727, 728……………………………………………………………………7

*Nazareno v. Cardello*,
   NO. 20-cv-2242 (DRH)(AYS), 2221 WL 2194570, AT *1
   (E.D.N.Y. Apr. 28, 2021)………………………………………………………………5

*Nesbeth v. New York City Management LLC*,
   2019 WL 110953, *3 (S.D.N.Y. 2019) (Koeltl, J.)……………………………………2

*Webb v. Goord*,
   340 F.3d 105, 110-11 (2d CIR. 2003)…………………………………………………6

**PRELIMINARY STATEMENT**

Defendants GURMEET BUTTAR and GURCHARN KAUR submit this Memorandum of Law in support of their motion to dismiss and based upon the facts and arguments set forth herein and adopting the arguments set forth in the co-defendants moving papers, as well as the accompanying affidavits of GURMEET BUTTAR and GURCHARN KAUR and the declaration of James Michael Murphy, hereby respectfully requests an Order dismissing plaintiff MICHAEL CORSI's Amended Complaint filed April 9, 2021 for failure to state a cause of action pursuant Federal Rule of Civil Procedure Rule 12(b)(6) and for insufficiency of pleading pursuant to FRCP Rule 8(A).

Plaintiff's Amended Complaint alleges that on August 11, 2019 plaintiff was assaulted while walking home from the Massapequa Park Preserve. While it is uncontroverted that the moving defendants GURMEET BUTTAR and GURCHARN KAUR, the parents of defendant S.B., were not present at the time of the alleged assault, plaintiff baselessly alleges that the moving defendants failed to supervise and/or restrain their son from allegedly conspiring to deprive plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and from acting in furtherance of the alleged conspiracy.

A careful reading of the Amended Complaint indicates that plaintiff is alleging that only defendants S.B. and ANTHONY GESTONE allegedly conspired (See paragraph 23 of plaintiff's Amended Complaint). The allegation against GURMEET BUTTAR and GURCHARN KAUR does not allege that they were involved in the alleged conspiracy, but rather alleges that they failed to supervise and/or restrain their son from conspiring. (See paragraph 30 of plaintiff's Amended Complaint). The Amended Complaint then lists five causes of action, the first of which is for conspiracy to interfere with the Civil Rights under 42 USC §1985(3). While the Amended Complaint loosely groups all defendants

together and alleges the defendants conspired, other than plaintiff's conclusory allegations, plaintiff does not assert any facts supporting the existence of a conspiracy involving GURMEET BUTTAR or GURCHARN KAUR. The lumping of the defendants together in the claims alleged violates Rule 8(a)(2). See, *Nesbeth v. New York City Management LLC*, 2019 WL 110953, *3 (S.D.N.Y. 2019) (Koeltl, J.) (quoting *Cannon U.S.A., Inc. v. F&E Trading LLC*, 2017 WL 4357339, *7 [E.D.N.Y. 2017]); *Holmes v. Allstate Corp.*, 2012 WL 627238, *22 (S.D.N.Y. 2012), Report and Recommendation adopted, 2012 WL 626262 (S.D.N.Y. 2012) (Swain, J.).

## STANDARD ON MOTION TO DISMISS

"In order to survive a motion to dismiss under Rule 12(b)(6), a Complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level'". *Nazareno v. Cardello*, NO. 20-cv-2242 (DRH)(AYS), 2221 WL 2194570, AT *1 (E.D.N.Y. Apr. 28, 2021). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (*Nazareno, supra*, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959 [2007]). Only Complaints that state a plausible claim for relief can survive a motion to dismiss. *Nazareno, supra*, at *2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 [2009]).

## PLAINTIFF'S 5 CAUSES OF ACTION MUST BE DISMISSED

Plaintiff's cause of action for conspiracy in violation of §1985(3) has no application to defendants GURMEET BUTTAR and GURCHARN KAUR since they were not alleged co-conspirators. The Amended Complaint fails to allege any facts to support the conclusory allegation of a conspiracy between defendant S.B. and defendant ANTHONY GESTONE. The claim that defendants GURMEET

BUTTAR and GURCHARN KAUR failed to supervise and/or restrain their son defendant S.B. from conspiring against the plaintiff is without any factual predicate for the claim that defendants GURMEET BUTTAR or GURCHARN KAUR had knowledge of the alleged conspiracy. Plaintiff's cause of action alleging a violation of §1985(3) fails to provide any "factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d CIR. 2003). Claims under §1985 must be alleged "with at least some degree of particularity". *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004). Where the Complaint fails to assert any facts suggesting that defendants conspired to deny the plaintiff the equal protection of the law but merely contains conclusory allegations, the conspiracy claim is not cognizable in Federal Court. See, *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011); *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d. Cir. 2002); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d. Cir. 1997).

The plaintiff's second cause of action for assault and battery again loosely alleges that the "defendants" assaulted plaintiff without specifying which defendant is referred to. However, based upon paragraphs 17 and 18 of plaintiff's Amended Complaint, it is clear that plaintiff is not alleging that either defendant GURMEET BUTTAR or GURCHARN KAUR were involved in allegedly assaulting him. Accordingly, plaintiff's second cause of action for assault and battery fails to state a cause of action as against the moving defendants.

With respect to plaintiff's third cause of action sounding in conversion, plaintiff once again loosely alleges that the "defendants" stole approximately $40 in cash from plaintiff's pockets. Based on paragraph 20 of the plaintiff's Amended Complaint, it is clear that plaintiff is only alleging conversion by defendants S.B. and GESTONE. Accordingly, plaintiff's third cause of action fails to state a cause of action as against the moving defendants.

Plaintiff's fourth cause of action sounding bias related violence under New York Civil Rights Law §79-N, again loosely groups all of the "defendants" together without any specific allegation against any individual defendant. New York Civil Rights Law §79-N provides that "2. Any person who intentionally selects a person or property for harm or causes damage to the property of another or causes physical injury or death to another… in whole or in substantial part because of a belief or perception regarding the … sexual orientation of a person, regardless of whether the belief or perception is correct, shall be liable, in a civil action or proceeding maintained by such individual…". Plaintiff's amended complaint does not allege that the moving defendants intentionally selected the plaintiff for harm or caused him physical injury. New York Civil Rights Law §79-N does not create vicarious liability and therefore, clearly does not state a cause of action against defendants GURMEET BUTTAR or GURCHARN KAUR.

Plaintiff's fifth cause of action alleges a claim against defendants GURMEET BUTTAR and GURCHARN KAUR for failure to supervise and restrain their son, defendant S.B. In New York, while the existence of parental liability based on vicious propensities of children has been recognized, the weight of the cases has refused to impose liability due to insufficient record evidence establishing the child's tendencies to engage in vicious conduct which might endanger third parties and the parties knowledge or notice of the child's propensities in that regard. See, e.g., *Brahm v. Hatch*, 203 A.D.2d 640, 641; *Adolph E. v. Linda M.*, 170 A.D.2d 1011, 1012, lv. den. 77 N.Y.2d 809; *Massapequa Free School District No. 23 v. Regan*, 63 A.D.2d 727, 728. Plaintiff's conclusory, generalized assertion that S.B. had dangerous propensities and discriminatory animus toward individuals of certain sexual orientation is patently insufficient to satisfy the requisite pertinent knowledge of the kind of dangerous propensities necessary for a viable parental supervision claim. As noted in *LaTorre v. Genesee Management*, Inc., 90 N.Y.2d 576, 665 N.Y.S.2d 1 (1997), "Negligence must be alleged and pleaded with some reasonable specificity, beyond mere generalities" for a claim of this kind against a parent.

7

## CONCLUSION

As previously stated, it is not claimed that either defendant GURMEET BUTTAR or GURCHARN KAUR were present at the time of the incident complaint of and therefore, a claim that they failed to adequately restrain their son is completely frivolous. Further, there is absolutely no factual basis for plaintiff's allegation that defendants S.B. and GESTONE were conspiring or would act in furtherance of a conspiracy against the plaintiff.

For the foregoing reasons, defendants GURMEET BUTTAR and GURCHARN KAUR respectfully request that the Court issue an Order granting the instant motion in its entirety and dismiss the Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
        June 25, 2021

>                  Respectfully submitted
>
>                  MONTFORT, HEALY, McGUIRE & SALLEY LLP
>
>                  BY: _____
>                           JAMES MICHAEL MURPHY
>                  Attorneys for Defendant(s) - GURMEET BUTTAR and
>                  GURCHARN KAUR (s/h/a above)
>                  840 Franklin Avenue
>                  P.O. Box 7677
>                  Garden City, New York  11530-7677
>                  (516) 747-4082
>                  jmurphy@mhms-law.com and montfort@mhms-law.com