UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL CORSI,

                          Plaintiff,         **MEMORANDUM AND ORDER**

 - against -                                     2:20-cv-4799 (DRH) (SIL)

ANTHONY GESTONE, S.B., an infant, ANGELIQUE GESTONE a.k.a. ANGELIQUE HAUSER, GURMEET BUTTAR, individually and on behalf of his infant child S.B., and GURCHARN BUTTAR a.k.a. GURCHARN KAUR, individually and on behalf of her infant child S.B.,

                          Defendants.
----------------------------------------------------------------X

**APPEARANCES**

**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
Attorneys for Plaintiff
400 Garden City Plaza, Suite 500
Garden City, NY 11530
By:   Christopher M. Arzberger, Esq.

**LYNNE GARTNER DUNNE, LLP**
Attorneys for Defendants Anthony Gestone and Angelique Gestone a.k.a. Angelique Hauser
330 Old Country Road, Suite 103
Mineola, NY 11501
By:   Tiffany D. Frigenti, Esq.

**MONTFORT, HEALY, McGUIRE & SALLEY LLP**
Attorneys for Defendants S.B., Gurmeet Buttar, and Gurcharn Buttar a.k.a. Gurcharn Kaur
840 Franklin Avenue
P.O. Box 7677
Garden City, NY 11530
By:   James Michael Murphy, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Michael Corsi brings this action against Defendants Anthony Gestone ("Anthony") and Angelique Gestone a.k.a. Angelique Hauser (with Anthony, the "Gestone Defendants"), S.B., an infant, Gurmeet Buttar, individually and on behalf of his infant child S.B., and Gurcharn Buttar a.k.a. Gurcharn Kaur, individually and on behalf of her infant child S.B. (with S.B. and Gurmeet Buttar, the "Buttar Defendants," who collectively with the Gestone Defendants are the "Defendants"), alleging five causes of action: (1) conspiracy to interfere with civil rights, 42 U.S.C. § 1985(3), (2) assault and battery under New York State common law, (3) conversion under New York State common law, (4) bias-related violence under New York Civil Rights Law § 79-n, and (5) failure to supervise and restrain under New York State common law.  This matter concerns an alleged assault perpetrated by Defendants Anthony and S.B. against Plaintiff due to his sexual orientation.

Presently before the Court are the Gestone Defendants's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and the Buttar Defendants's motion for judgment on the pleadings pursuant to Rule 12(c).  For the reasons stated below, their motions are granted.  Plaintiff's request for leave to file a Second Amended Complaint is granted.

## BACKGROUND

The following facts from the Amended Complaint are taken as true for the purposes of this Order.  (*See* Amended Compl. ("AC") [DE 23]).

Plaintiff identifies as a gay individual. (*Id.* ¶ 10). Defendants Anthony and S.B. are his high school classmates who allegedly conspired to attack him upon learning his sexual orientation. (*Id.* ¶¶ 12–14). Defendants Angelique Gestone—Anthony's mother—and Gurmeet and Gurcharn Buttar—S.B.'s parents—each allegedly knew of their respective son's "dangerous propensity and discriminatory animus" towards gay people and failed to supervise or restrain him. (*Id.* ¶¶ 27–30).

On August 11, 2019, Anthony and S.B. followed Plaintiff home from the Massapequa Preserve near Farmingdale, New York. (*Id.* ¶¶ 11, 15). Approaching Plaintiff from behind, the two allegedly struck him on the back of the head; when Plaintiff turned around, they allegedly punched him in the face. (*Id.* ¶¶ 16–17). Plaintiff attempted to run away but failed when Anthony and S.B. allegedly tackled him and twisted his left knee. (*Id.* ¶¶ 18–19). Anthony and S.B. allegedly pinned Plaintiff to the ground, stole the $40 in his pocket, and left the scene. (*Id.* ¶¶ 20–21). Plaintiff was allegedly "severely injured" as a result of the attack. (*Id.* ¶ 25). Anthony and S.B. "were later confronted for the attack" and allegedly admitted they attacked Plaintiff solely because he was gay. (*Id.* ¶ 22). The Amended Complaint does not identify to whom or when Anthony and S.B. made their admissions.

Plaintiff brought this action on October 6, 2020. [DE 1]. He filed an Amended Complaint on April 9, 2021 to address errors relating to the S.B.'s minor capacity and to drop a pro se defendant. ([DE 23], *see* Order dated March 8, 2021). The Buttar Defendants answered the Amended Complaint on April 30, 2021, [DE 26], and moved

for judgment on the pleadings on August 20, 2021, [DE 39]. The Gestone Defendants moved to dismiss on August 27, 2021. [DE 42].

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

### DISCUSSION

The Complaint asserts one federal cause of action—a violation of 42 U.S.C. § 1985(3), which prohibits individuals from conspiring to violate a person's civil rights—and brings it against all Defendants. AC ¶¶ 31–35. Plaintiff's burden under § 1985(3) requires him to show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). Such claims, unlike their § 1983 kin,

"may target conduct by private parties." *Patterson v. City of New York*, 2017 WL 3432718, at *15 (E.D.N.Y. Aug. 9, 2017), *aff'd*, 758 Fed. App'x 217 (2d Cir. 2019). Even so, § 1985 was not intended "to apply to all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). The Supreme Court has observed that the "supporters of the legislation . . . were [] emphatic that they did not believe, in the words of [House] Representative [Burton] Cook, 'that Congress has a right to punish an assault and battery when committed by two or more persons within a State.'" *Id.* at 101 (quoting Cong. Globe, 42d Cong., 1st Sess., App. 485 (1871)).

Section 1985(3) "'provides no substantial rights itself' to the class conspired against," so the rights, privileges, and immunities it "vindicates must be found elsewhere." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott* ("*Carpenters*"), 463 U.S. 825, 833 (1983) (quoting *Great Am. Fed. S. & L. Ass'n v. Novotny*, 442 U.S. 366, 372 (1979)). The Supreme Court has recognized only two such rights: the right to be free from involuntary servitude and the right of interstate travel, *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993), the latter of which the Second Circuit has observed to include "the right to travel freely within a single state," *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990). Supreme Court precedent

> makes clear that it does not suffice for application of § 1985(3) that a protected right be incidentally affected. A conspiracy is not "for the purpose" of denying equal protection simply because it has an effect upon a protected right. The right must be "*aimed at*"; its impairment must be a conscious objective of the enterprise. Just as the "invidiously discriminatory animus" requirement . . . requires that the defendant

>have taken his action "at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group," so also the "intent to deprive of a right" requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, and more than merely accept it; he must act at least in part for the very purpose of producing it.

*Bray*, 506 U.S. at 275–76 (emphasis in original) (citations omitted) (quoting *Carpenters*, 463 U.S. at 833, and *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

Plaintiff fails to state a § 1985(3) claim. He alleges "Defendants conspired against [him] solely based on [his] sexual orientation, and the conspiracy was aimed at harming and interfering with [his] protected rights." AC ¶ 33. Neither his Amended Complaint nor his motion briefing contend Defendants "aimed at" the impairment of Plaintiff's right to inter- or intrastate travel – even assuming the Complaint plausibly alleges the remaining § 1985(3) elements, which the Court does not reach.[1] Plaintiff merely states his "right to travel was infringed upon by [Defendants] when Defendants assaulted and battered [him] as he was traveling with in the State of New York." Pl. Mem. in Opp. at 3–4 ("Pl. Opp.") [DE 42-5]. This allegation reflects a protected right incidentally affected, not one whose infringement was a conscious objective.

No facts allege or provide a reasonable inference that Defendants attacked Plaintiff "for the very purpose of" impairing his right to travel. *See* Gestone Defs.

---

[1] To be clear, the Court declines to address Plaintiff's invitation to "extend § 1985(3) to cover sexual orientation" among its protected classes. Pl. Opp. at 5 n.2; *see generally Jenkins v. Miller,* 983 F. Supp. 2d 423, 457–61 (D. Vt. 2013) (analyzing the issue in depth).

Reply at 2–7 [DE 42-6]. Plaintiff instead claims, "Defendants shared the general conspiratorial objective of participating in the assault and battery of Plaintiff." Pl. Opp. at 5–6. This does not suffice to state a § 1985(3) claim. *Jenkins v. Miller*, 983 F. Supp. 2d 423, 461–62 (D. Vt. 2013) (claiming a conspiracy to prevent lesbian mother from exercising lawful parental rights is not a conspiracy to prevent interstate travel because "abhorrence" and "attempt to thwart" the relationship did not turn on travel).

The Second Circuit's opinion in *Spencer* provides a helpful comparison. There, the Circuit held a plaintiff adequately stated a § 1985(3) claim—albeit under the *Conley v. Gibson* "no set of facts" Rule 12(b)(6) standard—by suggesting "defendants sought to injure Spencer *for having come into their neighborhood*." 903 F.3d at 175–76 (emphasis added). Here, Defendants allegedly assaulted Plaintiff *not for* "heading home from the Massapequa Preserve," *i.e., not for* travelling. AC ¶ 15. Defendants allegedly assaulted Plaintiff "*as* he was walking home from Massapequa Preserves," *i.e.*, "while" incidentally travelling. *Id.* ¶¶ 15, 34, 43 (emphasis added). They did not "oppress [Plaintiff] *because of* his exercise of [his] right" to travel. *Bray*, 506 U.S. at 275 (emphasis added). The federal guarantee of inter- and intrastate travel does not transform state-law torts into federal offenses when they are intentionally committed against people who happen to be travelling at the time of the offense. *See Town of W. Hartford v. Operation Rescue*, 991 F.2d 1039, 1047 (2d Cir. 1993).

Accordingly, Plaintiff's § 1985(3) cause of action is dismissed against all Defendants.

Plaintiff requests leave to file a Second Amended Complaint in the event his "the infringement of [the] right to travel" allegations are deficient. Pl. Opp. at 4. Rule 15(a) instructs courts to "freely grant leave when justice so requires," and the Court will grant his request. Plaintiff has not yet amended his substantive allegations, this action is in its nascent stages, and there is no observable prejudice to Defendants. Nevertheless, while Plaintiff suggests he can plead the "infringement of [his] right to travel . . . in greater detail," Pl. Opp. at 4, the present deficiency is not the particularity of how Plaintiff cannot travel. Rather, it is the asserted aim of the conspiracy, viz. the "conspiratorial objective of participating in [] assault and battery." *Id.* at 6.

The Court has not addressed Plaintiff's state law claims and defers the threshold consideration of whether to exercise supplemental jurisdiction over them until ruling on the viability of his one federal claim. *E.g.*, *Demosthene v. City of New York*, 2019 WL 181305, at *11 (E.D.N.Y. Jan. 10, 2019).

## CONCLUSION

For the reasons discussed above, the Gestone Defendants and the Buttar Defendants's motions are granted with respect to Plaintiff's 42 U.S.C. § 1985(3) claim. Plaintiff is granted leave to amend his complaint and shall file his amended complaint within thirty (30) days.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
       November 19, 2021                   Denis R. Hurley
                                                   United States District Judge