UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL CORSI,

                          Plaintiff,          **ORDER**

 - against -                     2:20-cv-4799 (DRH) (SIL)

ANTHONY GESTONE, S.B., an infant,
ANGELIQUE GESTONE a.k.a. ANGELIQUE
HAUSER, GURMEET BUTTAR, individually
and on behalf of his infant child S.B., and
GURCHARN BUTTAR a.k.a. GURCHARN
KAUR, individually and on behalf of her infant
child S.B.,

                        Defendants.
----------------------------------------------------------------X

**HURLEY, Senior District Judge:**

On November 19, 2021, this Court dismissed Plaintiff's 42 U.S.C. § 1985(3) cause of action—the lone federal cause of action in the Complaint and the only basis for the Court's subject-matter jurisdiction over the case—with leave to replead by December 20, 2021.  [DE 45].  In their motion to dismiss briefing, Defendants had asked the Court to decline exercising supplemental jurisdiction. (Gestone Defs. Mem. in Support at 18–19 [DE 42-3]; Reply Affirmation of James M. Murphy, Esq. ¶ 8 [DE 41]).  But the Court deferred consideration on whether to exercise supplemental jurisdiction over Plaintiff's state law claims until ruling on the viability of his amended § 1985(3) allegations.

On December 20, 2021, Plaintiff advised the Court that he will "not file an amended complaint with regards to his one federal claim."  [DE 46].  Plaintiff then requested the Court to rule on the issue of supplemental jurisdiction over his state

law claims and, in the event that the Court declines to exercise it, to remand the case to the Supreme Court of the State of New York, Nassau County.

In the absence of a federal claim—*i.e.*, by choosing not the replead his § 1985(3) claim—and without another basis for subject-matter jurisdiction, the "traditional 'values of judicial economy, convenience, fairness, and comity'" favor declining to exercising supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's New York State law claims.

"The power of a federal district court to remand a case to state court, however, is limited to instances where an action is commenced in state court and subsequently removed to federal court; the authority to remand implies that the federal district court can return or send a case back to where it was originally commenced." *Schiffman v. Epstein*, 2009 WL 1787760, at *5 (S.D.N.Y. June 23, 2009); *Chan v. Chan*, 2015 WL 4042165, at *3 (E.D.N.Y. July 1, 2015) ("This case was originally filed in federal court; it cannot be remanded to state court because the concept of remand is limited to instances where an action was previously removed from state court to federal court.").

As Plaintiff commenced this action in federal court, remand is improper. Instead, the action is dismissed without prejudice to refile in state court. *See* 28 U.S.C. § 1367(d). The Clerk of Court is respectfully directed to terminate the action.

**SO ORDERED.**

Dated: Central Islip, New York        <u>s/ Denis R. Hurley</u>
        January 6, 2022            Denis R. Hurley
                                   United States District Judge